UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

T-MOBILE USA, INC., a Delaware )
Corporation, )
 )
           Plaintiff, )              CIVIL ACTION NO.
 )
VS. )              3:08-CV-0340-G
 )
WIRELESS EXCLUSIVE USA, LLC, a )              **ECF**
Texas Limited Liability Company, )
ET AL., )
 )
           Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the court is the emergency motion of the plaintiff, T-Mobile USA, Inc.

("T-Mobile"), for an order to show cause why the defendants, Wireless Exclusive

USA, LLC, and Moiz Khoja (collectively, "the defendants"), should not be held in

contempt for failing to comply with this court's orders relating to discovery. For the

reasons set forth below, the motion is denied. Additionally, the plaintiff's motion to

strike the defendants' notice of supplemental authority is denied as moot.

# I. BACKGROUND

This court issued two orders on February 27, 2008, which set forth an expedited discovery schedule and required the preservation of evidence. *See* Docket Entry #7; Docket Entry #8. The case involves the alleged resale by the defendants of the plaintiff's prepaid mobile phones, and in order to preserve the evidence this court ordered, *inter alia*, that the defendants expeditiously provide an inventory to the plaintiff of any T-Mobile phones in their possession. *Id.*

The defendants, however, failed to comply with these orders, and the plaintiff filed this show cause motion on April 2, 2008. *See generally* Plaintiff's Emergency Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt for Failing to Comply with Court-Ordered Expedited Discovery and Preservation of Evidence ("Show Cause Motion"). The motion outlined the correspondence between the parties regarding the discovery, as well as the defendants' delay.

On April 7, 2008, the plaintiff filed supplemental authority to inform the court of a show cause hearing involving these same defendants in a related case, *AT&T Mobility LLC v. Wireless Exclusive USA, LLC*, Cause No. 3:08-CV-0198-M. The hearing was scheduled for April 17, 2008, before United States Magistrate Judge Irma Ramirez.[*]

---

[*] Additionally, the plaintiff has found it necessary to dispute the propriety of the defendants' submission of supplemental authority. On April 21, 2008, the defendants provided the court with supplemental authority that apprised the court of

(continued...)

On April 8, 2008, this court conducted a hearing via teleconference in an attempt to resolve the show cause motion. At that time, it was made known to the court that one of the defendants, Moiz Khoja, had recently left the country for an undisclosed period of time, and it was unclear as a result when the defendants would be able to provide the inventory required by the court's order. Unable to resolve the matter during the hearing, briefing was scheduled via court order, and the defendants' response and the plaintiff's reply followed.

## II. ANALYSIS

At the outset, the court regrets having to devote its limited resources to a preliminary discovery matter, and urges the parties to direct their energies towards the resolution of matters central to this case.

A trial court has significant discretion when considering whether to issue sanctions. Rule 37(b)(2) authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders. "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a

---

[*](...continued)
the outcome of the April 17, 2008 contempt hearing before Magistrate Judge Ramirez. The plaintiff's motion to strike the defendants' notice of supplemental authority is denied as moot. However, the court notes that the defendants have the better of the argument, considering that the court did express an interest in the outcome of the hearing during the April 8, 2008 teleconference, and considering that it was the plaintiff which first brought the matter to the court's attention. However, the court does not find it necessary to consider the outcome of the hearing in its analysis.

sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980). Rule 37(b)(2) requires that any sanction be just and that the sanction must be related to the particular claim which was at issue in the order to provide discovery. *Compaq Computer Corporation v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir.) (citations omitted), *cert. denied*, 544 U.S. 962 (2005).

The court also has inherent power to impose sanctions. The inherent powers of the court are those which "'are necessary to the exercise of all others.'" *Roadway Express*, 447 U.S. at 764 (citation omitted). The contempt sanction is the most prominent inherent power, "'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court . . ..'" *Id.* (citation omitted). When inherent powers are invoked, however, they must be exercised with "restraint and discretion." *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997). Thus, severe sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." *Id.*

The defendants admit that while they did violate the court's order, they did not do so willingly, essentially stating that the situation was brought on by miscommunication within defendants' counsel's office, and compounded when Mr. Khoja left the country. *See* Defendants Wireless Exclusive USA, LLC and Moiz Khoja's Response in Opposition to Plaintiff's Emergency Motion for Order to Show

Cause ("Response") at 2. The defendants complied with one of the court's orders and provided the requested inventory to the plaintiff on April 15, 2008, well beyond the time frame set forth in the order. *Id.* In their response, the defendants note that the initial orders were obtained *ex parte*, from which they apparently reason that any dereliction on counsel's part should thereby be mitigated. *Id.* Furthermore, counsel for the defendant asks the court to consider the fact that at the time the court's orders were made, counsel had just started to represent several defendants in related cases. *Id.* at 4-5.

With respect to the defendants' failure to comply with the request for production and appearance at a deposition, the defendants maintain that because they have not been formally served, they have not failed to comply with the court's order. Response at 3. Relying on Federal Rule of Civil Procedure 5(a)(1)(c), the defendants argue that, absent proper service, they had no duty to respond to the plaintiff's request. *Id.* T-Mobile claims that it did, in fact, serve the defendants on February 28, 2008, though no proof of service is on record with the court. *See* Reply in Support of Plaintiff's Emergency Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Failing to Comply with Court-Ordered Expedited Discovery ("Reply") at 5-6. Alternatively, T-Mobile argues that the defendants waived any objection based on improper service by failing to include such objections in their response. *See id.* at 6-7. However, it has come to the court's

attention that, at this time, most of the responsive documents have been provided by the defendant, and, as a result, the scheduling of depositions can now move forward.

Considering all of the circumstances, the court is of the opinion that a finding of contempt is not warranted. Though the defendants delayed their response to the discovery orders, the court finds that the defendants' have demonstrated circumstances that, pursuant to Rule 37(a)(5)(A)(ii) and (iii), would make an award of sanctions unjust in this situation. Moreover, the court notes that the central purpose of the expedited discovery orders -- preserving evidence -- appears to have been served; it does not appear that any evidence has been removed, altered, destroyed, or lost. The court sincerely hopes that counsel for the defendants has now had sufficient time to "get a grip" on the instant case, and that the matter can move forward. *See* Response at 5.

### III. CONCLUSION

For the reasons set forth above, the plaintiff's motion for contempt is **DENIED**. Furthermore, the plaintiff's motion to strike defendants' notice of supplemental authority is also **DENIED**.

**SO ORDERED**.

May 28, 2008.

A. Joe Fish

**A. JOE FISH**
**Senior United States District Judge**