UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-MOBILE USA, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:08-CV-0340-G |
| WIRELESS EXCLUSIVE USA, LLC, a Texas Limited Liability Company, ET AL., | ) ) ) ) ) | **ECF** |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, T-Mobile USA, Inc. ("T-Mobile"), to strike the affirmative defenses of the defendants, Wireless Exclusive USA, LLC, and Moiz Khoja (collectively, "the defendants"). Also before the court is the motion of the defendants to amend this court's February 27, 2008 order preserving evidence. For the reasons set forth below, the plaintiff's motion to strike is granted in part and denied in part, and the defendants' motion to amend is denied.

## I. BACKGROUND

This case involves the alleged resale by the defendants of the plaintiff's prepaid mobile phones, and in order to preserve the evidence, on February 27, 2008, this court ordered, *inter alia*, that the defendants "preserve all physical evidence relating to this action, including, without limitation, all T-Mobile Prepaid Phones currently in Defendants' possession and/or subject to Defendants' control." *See* Order Granting Plaintiff's Motion to Preserve Evidence ("Order") ¶ 2. The defendants now ask the court to amend its order, specifically requesting that the court allow the defendants to dispose of any T-Mobile pre-paid phones and related accessories in their possession. *See* Defendants Wireless Exclusive USA, Inc. and Moiz Khoja's Motion to Amend Order Granting Plaintiff's Motion to Preserve Evidence ("Motion to Amend") at 1.

In response to T-Mobile's complaint, the defendants filed an amended answer asserting several affirmative defenses. *See generally* First Amended Answer of Defendants Wireless Exclusive USA, LLC, and Moiz Khoja ("Defendants' Answer"). T-Mobile argues that several of the defendants' affirmative defenses are insufficient as a matter of law and should be stricken. *See generally* Plaintiff's Motion to Strike Affirmative Defenses and, Alternatively, Reply to Affirmative Defenses ("Motion to Strike"). The defendants did not respond to the plaintiff's motion.

The court will first consider the defendants motion to amend the court's order, followed by the plaintiff's motion to strike.

## II. ANALYSIS

### A. The Defendants' Motion to Amend Court's Order Preserving Evidence

The defendants ask the court to amend its prior order regarding the preservation of T-Mobile phones and related accessories. The defendants argue that because they admit to engaging in the business of buying and selling T-Mobile phones, and because the phones are fungible, there is no reason to preserve the specific phones in their possession. *See* Motion to Amend at 2. The defendants argue that as long as they maintain documentation relating to the number of phones in their inventory, no further purpose is served by holding onto the physical phones themselves. *Id.* The defendants make additional arguments relating to deprivation of due process based on their inability to conduct a legitimate business. *Id.* at 3.

In response, T-Mobile argues that the defendants cannot have it both ways, pointing out that, according to the defendants, Wireless Exclusive was dissolved in August of 2007, thereby obviating the need to conduct any business at all. *See* Plaintiff's Response in Opposition to Motion to Amend Order Granting Plaintiff's Motion to Preserve Evidence ("Response") at 2. Furthermore, T-Mobile notes that the defendant Wireless Exclusive claimed in its inventory that it has not possessed any T-Mobile wireless phones since the inception of this lawsuit. *See* Defendants' Inventory of T-Mobile Prepaid Phones, *attached to* Response *at* Exhibit A.

Regarding the necessity of preserving *these* specific phones, T-Mobile explains that the phones in the possession of the defendants "contain electronic information, including information about the origin of the [p]hones, their place of purchase, and the manner in which (and possibly by whom) they were 'unlocked.'" *See* Response at 4-5.

The court is unpersuaded by the defendants' argument. It is possible that the phones now in the possession of the defendants may contain evidence necessary for the resolution of this case, and as a result the court adheres to its prior order. Therefore, the defendants' motion to amend is denied, and the court will now turn to the plaintiff's motion to strike.

B. <u>Standard for Pleading under Rule 8</u>

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Thus, an affirmative defense need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). It must be pled with enough specificity to give the plaintiff "fair notice" of the defense being advanced. *Woodfield*, 193 F.3d at 362. *Id.* The recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1965 (2007), clarified the pleading specificity standard, explaining that "a formulaic recitation of the elements of a cause of action will not do" and that "[f]actual allegations must be enough to raise a right

to relief above the speculative level." T-Mobile argues that the defendants have failed to allege sufficient facts to provide it with fair notice of the affirmative defenses in question.

C. <u>Standard for a Motion to Strike under Rule 12(f)</u>

Rule 12(f) confers on the court the authority, upon motion by a party or *sua sponte*, to order as stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions under Rule 12(f) are disfavored. *Federal Deposit Insurance Corporation v. Cheng*, 832 F.Supp. 181, 185 (N.D. Tex. 1993) (Sanders, C.J.). A court should not strike any portion of a pleading as irrelevant unless: (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party. See *OKC Corporation v. Williams*, 461 F.Supp. 540, 550 (N.D. Tex. 1978) (Higginbotham, J.). While the decision to grant a motion to strike rests with the discretion of the trial court, a court must deny a motion to strike a defense if there is any question of law or fact. *Federal Deposit Insurance Corporation v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.). See also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[A] Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."), *cert. denied*, 459 U.S. 1105 (1983).

1. *Unclean Hands*

The plaintiff moves to strike the defendants' fourth affirmative defense. The court agrees that the defense is insufficient as a matter of law. The defendants' bald assertion that the "[p]laintiff's claims are barred by the doctrine of unclean hands" does not provide T-Mobile with "fair notice" of the defenses being advanced. *See* Answer at 8; *Woodfield*, 193 F.3d at 362 ("[B]aldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question . . ."); see also *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006) ("Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense."). Therefore, the defendants' fourth affirmative defense asserting unclean hands will be stricken without prejudice.

2. *Digital Millennium Copyright Act Exemptions*

The plaintiff moves to strike the defendants' fifth affirmative defense, arguing that merely identifying an exemption under a broad regulatory scheme is insufficient to provide T-Mobile a means to analyze the defense. *See* Motion to Strike at 3. The defendants assert that, although they deny "unlocking or altering the T-Mobile phones in any way," such actions are permitted under the Digital Millennium

Copyright Act ("DMCA") exemptions.* *See* Defendants' Answer at 8-9. The court finds that the defendants have provided fair notice to the plaintiff. The defense refers to a specific section of the DMCA, and T-Mobile has been provided with enough information to analyze the defense. Therefore, the plaintiff's motion to strike the defendants' fifth affirmative defense is denied.

### 3. *Antitrust Anti-Tying Defense*

The plaintiff also argues that the defendants' failure to identify the antitrust laws they rely on, as well as their failure to allege any facts in support of their defense, should lead this court to strike the sixth affirmative defense. *See* Motion to Strike at 4. In their amended answer, the defendants argue that T-Mobile's claims are barred "because the restrictions [T-Mobile] seeks to impose . . . constitute an illegal tying arrangement in violation of federal and state antitrust laws." Defendants' Answer at 9. Specifically, the defendants allege that "T-Mobile has conditioned the sale of the Prepaid Phones in question on the subsequent purchase of T-Mobile minutes for use

---

\* On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed.Reg. 68472 (Nov. 27.2006) (amending 37 C.F.R. § 201.40(b)).

on the phone although these are clearly two separate products." *Id.* The defendants then argue that T-Mobile has admitted it possesses "substantial market power." *Id.*

To prove that a tying arrangement exists, it must be shown that: (1) the arrangement involves two separate products or services; (2) the sale of one product or service is conditioned on the purchase of another; (3) the seller has market power in the tying product; and (4) the amount of interstate commerce in the tied product is substantial. *Eastman Kodak Company v. Image Technical Services, Inc.*, 504 U.S. 452, 461-62 (1992); Sherman Act, § 1, 15 U.S.C.A. § 1. The defendants have failed to sufficiently allege the fourth element; consequently, the defense is insufficient as a matter of law and is stricken without prejudice.

### III. CONCLUSION

For the reasons set forth above, the plaintiff's motion to strike is **GRANTED** in part and **DENIED** in part. However, the defendants are granted leave to file electronically, within ten (10) days from the date of this memorandum opinion and order, an amended answer reasserting these defenses in more detail. The defendants' motion to amend the court's order is **DENIED**.

**SO ORDERED**.

July 1, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**